J-S12038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DAVID GREGORY GEHR, | : | |
| | : | |
| Appellant | : | No. 1012 MDA 2016 |

Appeal from the Judgment of Sentence June 7, 2016
in the Court of Common Pleas of Lycoming County,
Criminal Division, No(s): CP-41-CR-0001010-2015

BEFORE:  PANELLA, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED APRIL 13, 2017**

David Gregory Gehr ("Gehr") appeals from the judgment of sentence imposed following his guilty plea to person not to possess a firearm, driving under the influence ("DUI")-refusal, possession of a small amount of marijuana, and possession of drug paraphernalia.  **See** 18 Pa.C.S.A. § 6105(a)(1); 75 Pa.C.S.A. § 3802(a)(1); 35 P.S. § 780-113(a)(31), (32).[1] Additionally, Gehr's counsel, Joshua M. Bower, Esquire ("Attorney Bower"), has filed a Petition to Withdraw as Counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738, 744 (1967).  We deny Attorney Bower's Petition, vacate the judgment of sentence, and remand for resentencing.

On January 11, 2015, Gehr backed his vehicle into David Lunger's ("Lunger") vehicle.  Gehr fled the scene without exchanging any information

---

[1] Gehr also pled guilty to various summary traffic offenses.  **See** 75 Pa.C.S.A. §§ 1786(f), 3309(1), 3714(a), 3745(a).

with Lunger. Lunger called the police and began to follow Gehr. The police eventually stopped Gehr. Gehr was found to be intoxicated, and possessed a small amount of marijuana, a glass pipe, and a .22 caliber rifle. Gehr told the police that he was drinking vodka at a friend's home, and that he smokes marijuana every day to relax. The police arrested Gehr and transported him to the hospital, where Gehr refused to submit to a blood test. Subsequently, the police determined that Gehr was a convicted felon and was not permitted to possess a firearm.

On January 5, 2016, Gehr pled guilty to the above-mentioned crimes. On April 20, 2016, the trial court sentenced Gehr to five to ten years in prison for the person not to possess a firearm conviction, and a consecutive prison term of one and one-half to five years for the DUI-refusal conviction. The trial court also imposed fines upon Gehr. The trial court did not impose any further prison sentences on the remaining convictions. Gehr filed Post-Sentence Motions, seeking to withdraw his guilty plea and reconsideration of his sentence. The trial court denied Gehr's request to withdraw his plea, but granted Gehr's reconsideration of sentence request. On June 7, 2016, the trial court imposed the same sentences for the person not to possess a firearm and DUI-refusal convictions, but imposed them concurrently. The trial court did not change the remaining part of the prior sentencing Order. Gehr filed a timely Notice of Appeal.

We must first determine whether Attorney Bower has complied with the dictates of **Anders** in petitioning to withdraw from representation. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*) (stating that "[w]hen faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw."). Pursuant to **Anders**, when an attorney believes that an appeal is frivolous and wishes to withdraw as counsel, he or she must

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*).

Additionally, the Pennsylvania Supreme Court has determined that a proper **Anders** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of the record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Here, Attorney Bower has complied with the requirements set forth in *Anders* by indicating that he has conscientiously examined the record and determined that an appeal would be frivolous. Further, Attorney Bower provided a letter to Gehr, informing Gehr of his intention to withdraw, and advising Gehr of his rights to retain new counsel, proceed *pro se*, and file additional claims. Finally, Attorney Bower's *Anders* brief meets the standards set forth in *Santiago* by providing a factual summary of Gehr's case, with support for Attorney Bower's conclusion that Gehr's plea was knowingly, voluntarily, and intelligently made. Because Attorney Bower has complied with the procedural requirements for withdrawing from representation, we will independently review the record to determine whether Gehr's appeal is, in fact, wholly frivolous.

In the *Anders* brief, Attorney Bower raises the following question for our review:

> Did the [trial] court err when it denied [Gehr's] [M]otion to withdraw his guilty plea, after sentencing, when [] Gehr made a showing of manifest injustice after testifying [that] he entered into the plea with an expectation of receiving a county sentence[,] despite the nature of the crime and his prior record score?

*Anders* Brief at 9 (unnumbered). Gehr did not file a response.

Gehr contends that the trial court erred in denying his Motion to withdraw his guilty plea. *Anders* Brief at 14 (unnumbered). Gehr argues that he did not knowingly plead guilty because he expected a county sentence, not a state sentence. *Id.* at 14-15 (unnumbered). Gehr asserts

that he did not have sufficient time to discuss the plea with his attorney prior to the guilty plea hearing. *Id.* at 15 (unnumbered).

> Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute "manifest injustice."

*Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008) (citation omitted).

In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?

2) Is there a factual basis for the plea?

3) Does the defendant understand that he or she has the right to a trial by jury?

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id.* (citation omitted); *see also* Pa.R.Crim.P. 590, cmt.

The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences. Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. In determining whether a guilty plea was entered knowingly and voluntarily, ... a court is free to consider the totality of the circumstances surrounding the plea.

*Bedell*, 954 A.2d at 1212 (citations and quotation marks omitted).

At the plea colloquy, Gehr indicated that he understood the English language, and that he was not under the influence of alcohol or drugs. Written Guilty Plea Colloquy, 1/5/16, at 5. Gehr understood the charges against him, and admitted to the facts that led to those charges. *Id.* at 2, 5. Gehr also indicated that by pleading guilty, he understood that he was foregoing certain rights, including, *inter alia*, the presumption of innocence, the right to a jury trial, and most of his direct appeal rights. *Id.* at 2-5. Gehr affirmed that he was pleading guilty of his own free will, that no one had forced him to plead guilty, and that he was satisfied with his attorney's representation. *Id.* at 5, 6. Further, Gehr understood that he was entering an open guilty plea, and that the trial court was not bound by the terms of the plea. *Id.* at 1, 2. The trial court also informed Gehr about the permissible ranges of sentences for each of the convictions. *Id.* at 1, 2; *see also id.* at 2 (wherein Gehr acknowledged that nobody had promised or suggested the actual sentence that the judge would impose).

Based upon the foregoing, we conclude that Gehr knowingly, voluntarily and intelligently tendered his guilty plea. *See Commonwealth*

*v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011) (stating that a person who elects to plead guilty is bound by the statements he made during the plea colloquy, and may not later assert grounds for withdrawing the plea which contradict those statements); *Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002) (stating that appellant cannot claim that he involuntarily entered a guilty plea where he stated that no one threatened him to plead guilty).  In point of fact, Gehr specifically stated that he understood the permissible ranges of sentence and that no specific prison sentence, whether county or state, was promised to him.  *See Muhammad*, 794 A.2d at 383 (stating that "disappointment by a defendant in the sentence actually imposed does not represent manifest injustice."). Thus, Gehr's claim is frivolous.

However, we must conduct an independent review of the record to determine whether there are any other non-frivolous issues that Gehr could raise on appeal.[2]  We will first determine whether the imposition of Gehr's sentence for the DUI-refusal conviction violated the recent United States Supreme Court holding in *Birchfield v. North Dakota*, 136 S. Ct.

---

[2] We acknowledge that "[t]he entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence." *Commonwealth v. Tareila*, 895 A.2d 1266, 1267 (Pa. Super. 2006).

2160 (2016).[3]

In **Birchfield**, the Supreme Court concluded that "a breath test, but not a blood test, may be administered as a search incident to a lawful arrest for drunk driving." **Birchfield**, 136 S. Ct. at 2185. Additionally, the Supreme Court held that blood tests taken pursuant to implied consent laws are an unconstitutional invasion of privacy. **Id.** at 2186. The Supreme Court stated that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." **Id.**; **see also id.** (concluding that the petitioner could not be convicted of refusing a warrantless blood draw following an arrest for driving under the influence).

Here, at the time of his sentencing and resentencing hearing, Gehr

---

[3] In the letter informing Gehr of his request to withdraw as counsel, Attorney Bower states that the **Birchfield** decision may impact Gehr's DUI-refusal conviction. **See** Letter, 11/28/16. However, Attorney Bower indicated that **Birchfield** was decided after Gehr's sentence, and while his appeal was pending, and thus, did not raise a **Birchfield** claim in the **Anders** brief. **See id.** Here, **Birchfield** was decided on June 23, 2016, after Gehr's sentence was imposed, but during the pendency of the instant appeal. Because this issue relates to the legality of sentence, and **Birchfield** was decided during the pendency of Gehr's appeal, we may address the legality challenge. **See Commonwealth v. Barnes**, 151 A.3d 121, 125-26 (Pa. 2016); **see also Schriro v. Summerlin**, 542 U.S. 348, 351 (2004) (stating that a United States Supreme Court decision resulting in a new rule of law "applies to all criminal cases still pending on direct review.").

was subject to the penalties set forth in section 3804(c)(2),[4] as he pled guilty to DUI under section 3802(a)(1), his second offense, and refused to consent to a blood test. *See* N.T., 4/20/16, at 4 (noting that the mandatory minimum was ninety days); Sentencing Order, 4/20/16, at 3 (unnumbered) (stating that Gehr must pay the mandatory minimum fine of $1,500).[5]

As the *Birchfield* Court held that the practice of criminalizing the failure to consent to blood testing following a driving under the influence arrest was unconstitutional, we conclude that the trial court improperly

---

[4] Section 3804(c)(2) states the following:

> **(c) Incapacity; highest blood alcohol; controlled substances.--**An individual who violates section 3802(a)(1) and refused testing of blood or breath or an individual who violates section 3802(c) or (d) shall be sentenced as follows:
>
> ***
>
> (2) For a second offense, to:
>
> (i)     undergo imprisonment of not less than 90 days;
>
> (ii)    pay a fine of not less than $1,500;
>
> (iii)   attend an alcohol highway safety school approved by the department; and
>
> (iv)    comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

75 Pa.C.S.A. § 3804(c)(2).

[5] As part of its June 7, 2016 Sentencing Order, the trial court stated that apart from imposing the sentences concurrently, the remainder of the April 20, 2016 Sentencing Order remained in effect. *See* Sentencing Order, 6/7/16, at 2 (unnumbered).

relied upon section 3804(c)(2) in imposing a mandatory minimum sentence upon Gehr. *See Commonwealth v. Giron*, 2017 PA Super 23, \*4 (Pa. Super. 2017) (holding that "pursuant to *Birchfield*, in the absence of a warrant or exigent circumstances justifying a search, a defendant who refuses to provide a blood sample when requested by police is not subject to the enhanced penalties provided in 75 Pa.C.S.A. §§ 3803-3804."). Because there was no statutory authority to impose the sentence, we must vacate the judgment of sentence and remand for resentencing.[6] *See id.*

Based upon the foregoing, we affirm Gehr's convictions, vacate his sentence and remand for resentencing. Accordingly, we deny Attorney Bower's Petition to Withdraw.[7]

---

[6] We note that the trial court imposed a sentence of one and one-half to five years in prison for the DUI-refual conviction, well above the mandatory minimum, and ran this sentence concurrent to the persons not to possess firearm conviction. Ostensibly, the trial court could impose the same sentence during resentencing. However, in imposing the sentence, the trial court cannot consider the mandatory minimum sentence in section 3804(c)(2), and cannot impose the mandatory fine.

[7] Gehr has filed a separate Motion for Change of Appointed Counsel. However, based upon our disposition of this case and denial of Attorney Bower's Petition to Withdraw, we deny Gehr's Motion. Nevertheless, Gehr is free to file such a motion with the trial court upon remand for resentencing.

Petition to Withdraw as Counsel denied. Judgment of sentence vacated. Case remanded for resentencing. Motion for Change of Appointed Counsel denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2017